[Cite as *State v. Andrew*, 2012-Ohio-1731.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                       :       APPEAL NO. C-110141
                                             TRIAL NO.  B-1005259-A
    Plaintiff-Appellee,         :
                                             *O P I N I O N.*
  vs.                                :

DEONDREA ANDREW,                     :

    Defendant-Appellant.        :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentence Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  April 20, 2012


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Thomas Hodges*, for Defendant-Appellant.


Please note:  This case has been removed from the accelerated calendar.

CUNNINGHAM, **Judge.**

{¶1}    Following a jury trial, defendant-appellant Deondrea Andrew[1] was convicted of failure to comply with the order of a police officer, obstructing official business, and inducing panic.  Andrew had ignored a police officer's instruction to exit from his vehicle and had fled, driving his vehicle at high speeds on busy public thoroughfares.  Because the trial court erred in imposing a sentence outside the statutory range for the obstructing-official-business offense, we must vacate that portion of the sentence and remand only that matter for resentencing.  We otherwise affirm the trial court's judgment.

{¶2}    In the midmorning of August 5, 2010, police officers engaged in a drug investigation approached Andrew as he was getting into his car.  Despite an officer's instructions to get out of the vehicle, Andrew started the car and fled.  Police officers pursued Andrew onto the I-75 southbound expressway and into a residential neighborhood.  He abandoned his vehicle after it struck a utility pole.  As he fled on foot, Andrew drew a handgun from his waistband and fired four or five shots at the pursuing officers.  After a SWAT team was deployed, and after streets had been closed and a nearby store had been evacuated, Andrew was apprehended.

{¶3}    The Hamilton County Grand Jury returned a five-count indictment against Andrew.  In addition to the three charges of which he was ultimately convicted, the indictment contained one count of attempted murder of police officers and one count of felonious assault of the investigating officer.  At the conclusion of the trial, the jury found Andrew guilty of the three appealed offenses.  It also acquitted Andrew of the attempted-murder charge, and was unable to reach a verdict on count 2, which had charged Andrew with felonious assault.  The trial court imposed the maximum five-year prison term for the failure-to-comply offense, a 12-month prison term for the

---

[1] The notice of appeal refers to the appellant as Deondre Andrew.

inducing-panic offense, and an 18-month prison term for obstructing official business. The court ordered the sentences to be served consecutively for an aggregate prison term of seven and one-half years. *See* R.C. 2921.331(D).

{¶4} On appeal, Andrew now asserts that the jury's verdicts on the inducing-panic charge and the felonious-assault charge were inconsistent, and thus his conviction for inducing panic was against the manifest weight of the evidence. He notes that the jury charge included an instruction that the inducing-panic offense was based, in part, upon Andrew's felonious assault of the investigating officer. Since the jury had been unable to reach a verdict on the felonious-assault charge, he argues that it lost its way in finding him guilty of inducing panic.

{¶5} But each count of an indictment is considered to be distinct and independent of all the other counts. *See State v. Lattimore*, 1st Dist. No. C-010488, 2002-Ohio-723, 2002 Ohio App. LEXIS 731, * 24, citing *State v. Lovejoy*, 79 Ohio St.3d 440, 683 N.E.2d 1112 (1997), paragraph one of the syllabus. Thus a jury's return of inconsistent verdicts on different counts of a multiple-count indictment does not justify overturning a verdict of guilty. *See id.*; *see also State v. Trewartha*, 165 Ohio App.3d 91, 2005-Ohio-5697, 844 N.E.2d 1218, ¶ 15 (10th Dist.), citing *State v. Hicks*, 43 Ohio St.3d 72, 78, 538 N.E.2d 1030 (1989). This is true even where the jury fails to convict a defendant of a predicate offense but convicts on the compound offense. *See Lattimore*. Thus Andrew's inducing-panic conviction will be reversed only if it was not supported by the manifest weight of the evidence. *See id.*, citing *State v. Parker*, 1st Dist. Nos. C-940097 and C-940126, 1995 Ohio App. LEXIS 1682 (Apr. 26, 1995).

{¶6} Our review of the entire record fails to persuade us that the jury, acting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the inducing-panic conviction must be reversed and a new trial ordered. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *see also State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The jury was

entitled to conclude that Andrew had, with reckless disregard of his actions, caused serious public inconvenience and alarm. *See* R.C. 2917.31(A)(3). In fleeing from the police, Andrew had fired his handgun at the pursuing officers, had caused four residential streets to be blocked, and had caused a store to be evacuated. The second assignment of error is overruled.

{¶7} Andrew also argues that the trial court erred by imposing a sentence outside the statutory range available for obstructing official business as charged in count 4 of the indictment. The offense of obstructing official business, which resulted in a risk of physical harm to a police officer, is punishable as a fifth-degree felony. *See* R.C. 2921.31(A). Thus the maximum prison term that the trial court could have imposed for count 4 was 12 months. *See* R.C. 2929.14(A)(5).

{¶8} As the state concedes, the trial court imposed an 18-month prison term for that offense. Since the trial court's sentence was "outside the permissible statutory range, the sentence [was] clearly and convincingly contrary to law * * * ." *See State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 15. The first assignment of error is sustained.

{¶9} A trial court possesses inherent authority to correct clerical errors in its judgment entries. *See* Crim.R. 36. But it may not employ a nunc pro tunc entry in situations like this to make the record reflect "what the court might or should have decided" as opposed to what it actually decided. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995); *see also State v. Qualls*, ___ Ohio St.3d ___, 2012-Ohio-1111, ___ N.E.2d ___, ¶ 13.

{¶10} Thus we must vacate the sentence imposed for obstructing official business. *See* R.C. 2953.08(G)(2). The matter is remanded to the trial court for the sole purpose of resentencing Andrew on count 4. *See State v. Saxon*, 109 Ohio St.3d

176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph three of the syllabus. In all other respects the trial court's judgment is affirmed.

Judgment accordingly.

**SUNDERMANN, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.