[Cite as *State v. Pryor*, 2017-Ohio-8693.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| NORMAN L. PRYOR | : | Case No. 2017CA00056 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:　　　　Appeal from Massillon Municipal
　　　　　　　　　　　　　　　　　　　　Court, Case No. 2016CRB01914


JUDGMENT:　　　　　　　　　　　　　Affirmed


DATE OF JUDGMENT:　　　　　　　　November 20, 2017


APPEARANCES:

For Plaintiff-Appellee　　　　　　　　For Defendant-Appellant

ANTHONY LAPENNA　　　　　　　　EMILY R. TRETTEL
Massillon Law Department　　　　　　201 Cleveland Avenue, SW
Two James Duncan Plaza　　　　　　Suite 104
Massillon, OH  44646　　　　　　　　Canton, OH  44702

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Norman L. Pryor, appeals the March 10, 2017 judgment of conviction of the Massillon Municipal Court of Stark County, Ohio.  Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  On August 1, 2016, appellant was charged with one count of public indecency in violation of R.C. 2907.09 and one count of sexual imposition in violation of R.C. 2907.06.  Said charges arose from an incident which occurred in a parking lot of a Target store.  Appellant grabbed and squeezed the victim's buttocks and was observed masturbating.

{¶ 3}  A jury trial commenced on January 13, 2017.  The jury found appellant guilty as charged.  By journal entry filed March 10, 2017, the trial court sentenced appellant to an aggregate term of ninety days in jail, seventy-two days suspended in lieu of community control.

{¶ 4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}  "APPELLANT'S RULE 29 MOTION FOR ACQUITTAL ON THE SEXUAL IMPOSITION CHARGE WAS WRONGFULLY DENIED AS THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE CORROBORATING THE VICTIM'S TESTIMONY."

II

{¶ 6}  "THE COURT ERRED IN DENYING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL AS THE STATE PRESENTED INSUFFICIENT EVIDENCE APPELLANT WAS THE PERPETRATOR."

III

{¶ 7}  "THE MANIFEST WEIGHT OF THE EVIDENCE WEIGHED HEAVILY AGAINST CONVICTION AS IT IMPLICATED AN UNKNOWN THIRD PERSON FOR THE EVENTS FORMING THE BASIS OF THE STATE'S COMPLAINT."

I, II, III

{¶ 8}  In his three assignments of error, appellant claims the trial court erred in denying his Crim.R. 29 motion for acquittal, and his conviction was against the sufficiency and manifest weight of the evidence.  We disagree.

{¶ 9}  Crim.R. 29 governs motion for acquittal.  Subsection (A) states the following:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.  The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶ 10} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman,* 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus: "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

{¶ 11} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 12} Appellant was convicted of one count of public indecency in violation of R.C. 2907.09(A)(2) and one count of sexual imposition in violation of R.C. 2907.06(A)(1) which states the following, respectively:

(A) No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household:

(2) Engage in sexual conduct or masturbation.

***

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

(B) No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence.

{¶ 13} As defined in R.C. 2907.01(B), "sexual contact" "means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶ 14} In his arguments involving the Crim.R. 29 motion under Assignments of Error I and II, appellant claims the state failed to present sufficient corroborating evidence of sexual imposition under R.C. 2907.06(B), and presented insufficient evidence on identification.

{¶ 15} On July 28, 2016, the victim was in the parking lot of a Target store. T. at 63. As she was entering the passenger side of her sister's vehicle, she felt someone grab and squeeze her buttocks. T. at 66. The victim turned and could "physically see" appellant in the adjacent vehicle masturbating. T. at 67. The victim was upset and uncomfortable. T. at 69.

{¶ 16} The victim's sister testified after she entered the vehicle, she noticed the victim was upset and "had this weird look on her face" so she asked what was wrong. T. at 87. The victim told her to leave and the sister said, "we're not leaving what's going on, tell me what's going on." *Id.* The victim told her sister what had happened. *Id.* The sister then "pulled down my sunglasses, looked over, proceeded to give him a dirty look which then he proceeded to blow me a kiss while he's still jerking off." *Id.* The sister did not see his body parts, "but I saw the motion that he was making." T. at 89. The sister demonstrated the motion he was making, explained in the record as "up and down movement by her mid-section." *Id.* While continuing to look at appellant, the sister motioned a telephone receiver to her ear and "mouthed that I'm going to call the police." T. at 87. The sister kept direct eye contact with appellant. T. at 89. Appellant "got scared" and put his vehicle in reverse. T. at 69. The sister yelled to the victim to write down the license plate number of the vehicle. T. at 69-70, 88. The license plate

number indicated appellant was the registered owner of the vehicle. T. at 103-104; State's Exhibit 2.

{¶ 17} The police immediately put together a photo array. T. at 74; State's Exhibit A1-A7. The victim picked someone other than appellant as the perpetrator. T. at 71, 75-76, 109, 119. The sister picked appellant's photograph. T. at 92, 109. The victim identified appellant in court and was sure it was the individual in the parking lot that day. T. at 67-68, 70, 83. The sister also identified appellant in court. T. at 90, 98. The investigating officer, Jackson Township Patrolman Jason Gerber, explained it was not uncommon for a victim of a sexual offense to not make eye contact with the perpetrator because it is a traumatic situation causing the victim to be highly emotional and uncomfortable. T. at 110-111.

{¶ 18} Portions of a videotape from the Target parking lot were played for the jury. State's Exhibit 3. The videotape showed the victim and her sister parking their vehicle and appellant's vehicle parking in the adjacent spot on the passenger side. T. at 126. The driver of appellant's vehicle was not discernable. *Id.* The sisters entered the Target store and appellant's vehicle was seen being repositioned closer to the sisters' vehicle. *Id.* The videotape was then forwarded to when the sisters exited the Target store and returned to their vehicle. T. at 127. Appellant's vehicle was still parked beside their vehicle. *Id.* The videotape did not depict the touching of the victim's buttocks or the masturbation. T. at 127-128.

{¶ 19} In making the Crim.R. 29 argument to the trial court, defense counsel argued there was no corroborating evidence of appellant grabbing and squeezing the victim's buttocks. T. at 135.

{¶ 20} As explained by the Supreme Court of Ohio in *State v. Economo,* 76 Ohio St.3d 56, 666 N.E.2d 225 (1996), syllabus: "The corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory." In *Economo,* the victim accused the defendant, her doctor, of unwanted sexual contact during two different examinations, three days apart. The only two people in the examining room were the victim and the doctor. The victim's sister testified the victim had told her about the unwanted touching after the first appointment, and observed the victim visibly upset immediately following the second appointment. The *Economo* court found the slight circumstance of the sister's testimony, coupled with medical records to prove the victim had appointments on the days in question, was sufficient to meet the threshold requirement of R.C. 2907.06(B).

{¶ 21} Likewise, in the case sub judice, no one observed the unwanted sexual contact i.e., the grabbing and squeezing of the victim's buttocks. However, the victim's sister testified that the victim immediately told her about the touching and was visibly upset. This testimony, coupled with the videotape showing appellant's vehicle parked adjacent to the passenger side of the sisters' vehicle, was sufficient corroboration under R.C. 2907.06(B) to overcome a Crim.R. 29 motion.

{¶ 22} Defense counsel did not make a Crim.R. 29 motion argument relative to identification. Nevertheless, we find sufficient identification in this case to survive a Crim.R. 29 challenge. The sister correctly identified appellant from the photo array, and both the victim and the sister identified appellant as the perpetrator during the trial.

{¶ 23} We do not find the trial court erred in denying appellant's Crim.R. 29 motion.

{¶ 24} The victim testified to the unwanted grabbing and squeezing of her buttocks by appellant. The sister testified to the victim being upset immediately following the incident. The videotape showed appellant's vehicle parked adjacent to the sisters' vehicle. The victim testified to observing appellant masturbating, and the sister testified to observing appellant's actions consistent with masturbation.

{¶ 25} Based upon the testimony and the exhibits presented, we find sufficient evidence, if believed, to support the convictions for public indecency and sexual imposition, and do not find any manifest miscarriage of justice.

{¶ 26} Assignments of Error I, II, and III are denied.

{¶ 27} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.

EEW/sg 118