[Cite as *State v. Harper*, 2017-Ohio-8963.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170084 |
| | | C-170086 |
| Plaintiff-Appellee, | : | C-170087 |
| | | TRIAL NOS. B-1505049 |
| vs. | : | B-1600603 |
| | | B-1604506 |
| JARRARD HARPER, | : | |
| Defandant-Appellant. | : | *O P I N I O N.* |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Reversed in Part and Cause Remanded in
C-170084; Affirmed in C-170086 and C-170087

Date of Judgment Entry on Appeal: December 13, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Brian T. Goldberg*, for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1}    In these consolidated appeals, defendant-appellant Jarrard Harper appeals the sentences entered in three separate cases, but imposed at one sentencing hearing.  The trial court imposed three two-year prison terms resulting from two separate high-speed chases where Harper had fled from police and imposed a single two-year prison term for the related violation of a community-control sanction.  The trial court ordered the prison terms to be served consecutively.  Because the trial court entered a prison term outside the statutory range available for Harper's violation of the prior community-control sanction, the two-year sentence imposed for attempted tampering with evidence in the case numbered B-1505049 must be vacated.  But because the trial court was required, by operation of law, to impose the prison terms for Harper's failure-to-comply offenses consecutively to the other prison terms imposed, it was not required to make consecutive-sentencing findings before doing so.

{¶2}    Harper's sentences resulted from three separate incidents.  First, in early 2016, Harper entered pleas of guilty to trafficking in heroin, punishable as a third-degree felony, and attempted tampering with evidence, punishable as a fourth-degree felony, in the case numbered B-1505049.  The trial court accepted his pleas, found him guilty of the charges, and imposed three-year terms of community control as the sentence for each offense.

{¶3}    Two weeks later, in the second incident, Harper took a vehicle from a Ford dealer's car lot.  Police pursued Harper in the stolen vehicle at speeds in excess of 110 miles per hour.  Harper ultimately abandoned the vehicle and successfully fled on foot.

{¶4}    In the third incident, in August 2016, Cincinnati police officers executing a search warrant in a heroin-trafficking investigation spotted Harper arriving at the scene of the search in a friend's vehicle.  The officers attempted to take Harper into custody.

Harper forcefully dragged the driver from her vehicle, commandeered the vehicle, and again fled from the police at high speed. He was ultimately apprehended.

{¶5} As a result of the two high-speed chases, the Hamilton County Grand Jury returned two new multicount indictments against Harper. For his actions in the first chase from the car dealership, Harper was charged in count two of the case numbered B-1600603 with failure to comply with an order or signal of a police officer while fleeing from the officer in violation of R.C. 2921.331(B), a felony of the third degree. The indictment further provided that Harper's operation of the vehicle had caused a substantial risk of serious physical harm to persons or property.

{¶6} For his second flight from police, Harper was charged in count four of the case numbered B-1604506 with having a weapon under a disability, and in count five with failure to comply with an order or signal of a police officer while fleeing from the officer, in violation of R.C. 2921.331(B). This count also alleged that, in committing the offense, Harper's operation of the vehicle had caused a substantial risk of serious physical harm to persons or property. Both offenses were punishable as third-degree felony offenses.

{¶7} On January 11, 2017, Harper entered pleas of guilty to the two then-pending cases, and the state dismissed four other felony charges raised in the two indictments. Harper also entered a no-contest plea to violating the community-control sanctions imposed in early January 2016.

{¶8} At a sentencing hearing, the trial court revoked the community-control sanctions and imposed a two-year prison term for each offense, including the fourth-degree-felony attempted-tampering offense. The court ordered the two terms to be served concurrently to each other, but consecutively to the sentences imposed for the new offenses. For the January high-speed chase, the trial court imposed a two-year prison term for violating R.C. 2921.331(B), and ordered this term to be served consecutively to

each prison term imposed in the other two cases. For the August incident, the trial court imposed two-year prison terms for having a weapon under a disability and for violating R.C. 2921.331(B). These terms were to be served consecutively to each other and consecutively to the other prison terms imposed against Harper. The aggregate prison term was eight years.

{¶9} At the hearing, the trial court detailed Harper's criminal history, including his heroin trafficking and flights from police, took note that he had committed these serious offenses while on community control, and concluded that Harper lacked remorse or an appreciation of the seriousness of his offenses. It did not refer to the findings necessary under R.C. 2929.14(C)(4) to impose consecutive sentences. It did, however, include those findings in its sentencing entries. Harper appealed from each of the three entries, claiming that the sentences imposed were contrary to law. *See* R.C. 2953.08(A)(4).

{¶10} In his first assignment of error, Harper challenges the two-year prison term imposed for Harper's violation of community control for the attempted-tampering-with-evidence offense. He argues that the trial court erred by imposing a sentence outside the statutory range for that offense. The attempted-tampering offense was punishable as a fourth-degree felony. *See* R.C. 2923.02(E). Thus, the maximum prison term that the trial court could have imposed was 18 months. *See* R.C. 2929.14(A)(4).

{¶11} As the state concedes, the trial court imposed a two-year prison term for that offense. Since the imposed sentence was outside the permissible statutory range, it was clearly and convincingly contrary to law. *See* R.C. 2953.08(G)(2)(b); *see also State v. Andrew,* 1st Dist. Hamilton No. C-110141, 2012-Ohio-1731, ¶ 8-10. The first assignment of error is sustained.

{¶12} In his second assignment of error, Harper asserts that the trial court erred by imposing consecutive sentences without making the findings required by R.C.

2929.14(C)(4) at the sentencing hearing. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. R.C. 2929.14(C)(4) gives trial courts discretion to impose consecutive sentences under certain circumstances and requires them to engage in a three-step analysis and to make specific findings before exercising that discretion. *See State v. Alexander*, 1st Dist. Hamilton No. C-110828, 2012-Ohio-3349, ¶ 15. When a trial court imposes consecutive prison terms under R.C. 2929.14(C)(4) without making the required findings at the sentencing hearing, the court's sentence is contrary to law. *See State v. Simmons*, 2014-Ohio-3695, 19 N.E.3d 517, ¶ 119 (1st Dist.).

{¶13} The state does not dispute that the consecutive-sentences-finding provisions of R.C. 2929.14(C)(4) apply in this case. Rather, it argues that the trial court's comments at sentencing concerning Harper's actions and his lack of remorse were sufficient to justify the trial court's decision to impose consecutive sentences. The state also notes that each of the court's three sentencing entries contained the mandated findings.

{¶14} While Harper maintains that the trial court erred to his prejudice by failing to make the statutorily required findings, he notes that "some courts" have held that the consecutive-sentence findings are not necessary when a prison term is imposed for a failure-to-comply conviction. This court is one of them.

{¶15} Fourteen years ago, we held that when a trial court has properly imposed a prison term for certain felony violations under R.C. 2921.331(B), by operation of law the term is required to be served consecutively to any other prison terms. *State v. Burgin*, 1st Dist. Hamilton No. C-020755, 2003-Ohio-4963, ¶ 10. Since the trial court in *Burgin* had no discretion in imposing other than consecutive sentences for certain violations of R.C. 2921.331(B), it was not required to make consecutive-sentencing findings then mandated by former R.C. 2929.14(E)(4). *See id.*

{¶16} The rationale of *Burgin* still controls. The consecutive-sentencing provisions of R.C. 2929.14(C)(4) are inapposite when the trial court is required to impose consecutive sentences by operation of law under R.C. 2921.331(B). *See Burgin* at ¶ 10; *see also State v. Back*, 2d Dist. Clark No. 2013-CA-62, 2014-Ohio-1656, ¶ 10; *State v. Foster*, 8th Dist. Cuyahoga No. 98869, 2013-Ohio-2199, ¶ 6; *State v. June*, 10th Dist. Franklin No. 12AP-901, 2013-Ohio-2775, ¶ 7; *State v. Wells*, 11th Dist. Ashtabula No. 2013-A-0014, 2013-Ohio-5821, ¶ 32. We note that the sentencing provisions of former R.C. 2929.14(E)(4) at issue in *Burgin* are identical to those now found in R.C. 2929.14(C)(4).

{¶17} As we noted in *Burgin*, R.C. 2921.331(B) proscribes operating a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the motor vehicle to a stop. *See Burgin* at ¶ 10. Under section (C)(5)(a)(ii) of the statute, an offense is punishable as a third-degree felony if the operation of the motor vehicle by the offender "caused a substantial risk of serious physical harm to persons or property." If an offender has caused that substantial risk of physical harm "and the offender is sentenced to a prison term for that violation, the offender *shall* serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." (Emphasis added.) R.C. 2921.331(D).

{¶18} R.C. 2929.14(C)(3), not relied upon in *Burgin*, also requires a trial court to impose consecutive sentences for violations of R.C. 2921.331(B). It provides that "[i]f a prison term is imposed for * * * a felony violation of division (B) of section 2921.331 of the Revised Code, the offender *shall* serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed on the offender." (Emphasis added.)

{¶19} Here, Harper entered pleas of guilty to two separate failure-to-comply offenses in violation of R.C. 2921.331(B). In entering those pleas, he also admitted that his

operation of the vehicles had caused a substantial risk of serious physical harm to persons or property. The trial court accepted those pleas, found Harper guilty, and imposed prison terms for those offenses and for the weapons-under-a-disability offense and the community-control violation resulting from the attempted-tampering offense. Thus, Harper was charged with and pled guilty to a violation of R.C. 2921.331(B) and 2921.331(C)(5)(ii). Pursuant to R.C. 2921.331(D) and 2929.14(C)(3), the prison terms imposed for the failure-to-comply offenses were required, by operation of law, to be served consecutively to the other prison terms. This is precisely what the trial court did.

{¶20} Since the trial court had no discretion in imposing other than the challenged prison terms consecutively, it was not required to make consecutive-sentencing findings under R.C. 2929.14(C)(4). The court's alleged failure to make the findings at sentencing could not constitute prejudicial error. Thus, the second assignment of error is overruled.

{¶21} Because the trial court erred in imposing a sentence outside the statutory range available for the attempted-tampering-with-evidence offense alleged in count three of the case numbered B-1505049, challenged in the appeal numbered C-170084, we vacate that sentence and remand the matter to the sentencing court for resentencing on that count only. *See* R.C. 2953.08(G)(2). We affirm in all other respects the remainder of the trial court's judgment, along with the judgments entered in the cases numbered B-1604506 and B-1600603, challenged in the appeals numbered C-170087 and C-170086 respectively.

Judgment accordingly.

**MOCK, P.J.,** and **DETERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.