[Cite as *State v. Nix*, 2019-Ohio-3886.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                   No. 106894

    v.                           :

BOBBY NIX, II,                          :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 26, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623461-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer M. Meyer, Assistant Prosecuting Attorney, *for appellee.*

The Law Office of R. Tadd Pinkston L.L.C., and R. Tadd Pinkston, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} In this reopened appeal, defendant-appellant Bobby Nix II, challenges the knowing, intelligent and voluntary nature of his guilty plea because he claims the trial court failed to inform him that any sentence imposed for a violation of postrelease control was required to be served consecutive to any other

sentence. We sustain his assigned error, reverse his conviction, vacate his guilty plea, and remand.

{¶ 2} Nix pled guilty to a single fifth-degree felony count of drug possession and was sentenced to 11 months in prison. In exchange, the state dismissed one fourth-degree felony count of drug trafficking and one fifth-degree felony count of possession of criminal tools. Nix was on postrelease control in a separate case at the time, and the trial court terminated Nix's postrelease control and imposed the remainder of the term and ordered it to be served consecutive to the 11-month sentence pursuant to R.C. 2929.141. However, the court did not specify the length of this sentence. Nix appealed his conviction in the first case to this court, assigning one error for review. *State v. Nix*, 8th Dist. Cuyahoga No. 106894, 2018-Ohio-4702 ("*Nix I*"). This court overruled the assigned error and affirmed. *Id.* at ¶ 9-10.

{¶ 3} On February 14, 2019, Nix filed an application to reopen his appeal pursuant to App.R. 26(B) in which he claimed that appellate counsel was ineffective for not arguing that Nix did not enter his plea knowingly, intelligently and voluntarily when the trial court failed to explain the maximum penalty. He also argued that appellate counsel was ineffective for not arguing that the trial court failed to properly terminate postrelease control before imposing a prison sentence. On May 1, 2019, we granted the application in part and reopened the appeal in order to allow Nix argue the following assignment of error:

> The appellant had not knowingly, voluntarily, and intelligently [pled] guilty to the possession charge because the trial court had not informed him of all the maximum penalties involved including R.C. 2929.141

time that must be consecutive to the prison time for the new offense thus violating VI [sic] amendment to the U.S. Constitution.

*State v. Nix*, 8th Dist. Cuyahoga No. 106894, 2019-Ohio-1640, ¶ 4, 14, 18 ("*Nix II*").

{¶ 4} As we previously stated in the decision reopening the appeal,

[b]efore accepting a felony guilty plea, a trial court must engage the defendant personally and explain the rights set forth in CrimR. 11(C) to ensure that the defendant is entering a guilty plea knowingly, intelligently, and voluntarily. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25-27. Crim.R. 11(C)(2)(a) requires a sentencing court to explain, among other things, "the nature of the charges and of the maximum penalty involved * * *." The failure to do so may render a guilty plea less than knowing, voluntary, and intelligent, and thus subject to revocation. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

*Id.* at ¶ 8.

{¶ 5} Nix claims that his plea was not entered knowingly, intelligently and voluntarily because the trial court failed to properly explain the maximum penalty he faced.

{¶ 6} There are two types of rights a trial court must explain that are contained within Crim.R. 11(C) — constitutional and nonconstitutional. *Clark* at ¶ 30. Nix's contention in this appeal centers around the nonconstitutional right of an explanation of the maximum penalty a defendant faces by pleading guilty. Crim.R. 11(C)(2)(a). While a court must strictly comply with the explanation of constitutional rights, nonconstitutional rights are subject to a review for substantial compliance. Therefore, this court must examine the plea colloquy to determine whether the trial court substantially complied with the responsibility to explain the maximum penalty Nix faced. *Veney* at ¶ 14. "Substantial compliance means that

under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). The lead opinion in *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, provides further guidance:

> A trial court need only substantially comply with the nonconstitutional advisements listed in Crim.R. 11(C)(2)(a). *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 18. But "[w]hen the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* But if the trial court completely failed to comply with the rule, the plea must be vacated. *Id.* Complete failure "'to comply with the rule does not implicate an analysis of prejudice.'" *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

*Id.* at ¶ 19.

{¶ 7} When discussing the potential penalties Nix faced as a result of his potential guilty plea, the following exchange took place during the plea colloquy:

> THE COURT: Mr. Nix, you may face additional penalties in those other cases [for which you are on community control sanctions, probation, or parole,] including prison time which may run consecutive on any prison time you may receive in this case, do you understand?
>
> DEFENDANT NIX: Yes, Your Honor.

(Tr. 16.)

{¶ 8} The trial court mentioned the additional sanction that may be imposed as a result of pleading guilty to a new felony while on postrelease control and mentioned that the sanction *may* be imposed consecutive to any other sentence.

However, the court failed to inform Nix that this additional sanction, if imposed, was required to be imposed consecutive to any other sentence. R.C. 2929.141(A)(1). The trial court's advisement about the nature of postrelease control during the plea colloquy is also unhelpful to demonstrate a subjective understanding of this consequence. When explaining postrelease control during the plea colloquy, the trial court stated:

> If you fail to meet the terms and conditions of any post-release control supervision imposed upon you in your case, then the Adult Parole Authority pursuant to Revised Code Section 2967.28 can modify and/or extend your supervision, make it more restrictive, incarcerate you for up to one-half the original sentence imposed by the court, charge you with a new offense called escape, another felony where you would face additional prison time, and if you were to commit a new crime while you were post-release control, you can face the maximum penalties under the law for the new crime committed[.]

(Tr. 25-26.)

{¶ 9} Under R.C. 2929.141(A), a trial court has discretion to continue postrelease control, impose some form of community control sanction or impose additional prison time for a violation of postrelease control when a defendant is convicted of a new felony while on postrelease control. Once the court decides to impose a prison sentence, that sentence must be served consecutively to the sentence imposed for a new felony conviction. R.C. 2929.141(A)(1). An appropriate advisement of the maximum penalty includes the required consecutive nature of this sentence because

> [w]hen consecutive sentences are mandatory, the consecutive sentences directly affects the length of the sentence, thus becoming a crucial component of what constitutes the "maximum" sentence, and the failure to advise a defendant that a sentence must be served

consecutively does not amount to substantial compliance with Crim.R. 11(C)(2).

*State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044, ¶ 7, citing *State v. Ricks*, 53 Ohio App.2d 244, 246-247, 372 N.E.2d 1369 (9th Dist.1977).

{¶ 10} In *Norman*, this court found that a trial court failed to comply with an explanation of the maximum penalty under Crim.R. 11(C)(2) where it failed to inform a defendant that any prison sentence imposed for a charge of failure to comply, pursuant to R.C. 2921.331(D), was required to be served consecutive to any other sentence. We held that "compliance with the 'maximum' penalty provision of Crim.R. 11(C)(2) requires the court to inform the defendant, prior to taking a guilty plea, that a charge carries a mandatory consecutive sentence." *Id.* at ¶ 12. The trial court failed to advise the defendant at all of the consecutive nature of this sentence. *Id.* at ¶ 13. Similar to the present case, a trial court is not required to impose a prison sentence for a charge of failure to comply, but once it does, that sentence must be consecutive to any other sentence. R.C. 2921.331(D). The failure to inform Norman of the required consecutive nature of this sentence resulted in the vacation of Norman's plea.

{¶ 11} More recently, this court examined what constitutes substantial compliance when informing defendants of the maximum penalties where they face a mandatory prison sentence. *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619 (8th Dist.). There, we held that:

> where a defendant faces a mandatory prison sentence as a result of a guilty or no contest plea, the trial court must determine, prior to

> accepting a plea, that the defendant understands that he or she is subject to a mandatory prison sentence and that as a result of the mandatory prison sentence, he or she is not eligible for probation or community control sanctions.

*Id.* at ¶ 19. We found a lack of substantial compliance and went on to analyze whether the trial court partially complied or failed to comply with this aspect of the maximum penalty requirement of Crim.R. 11(C)(2). In *Tutt*, the trial court failed to state that Tutt faced a mandatory prison sentence for two counts in the case. *Id.* at ¶ 31. We found that the trial court completely failed to comply and vacated the guilty pleas affected by the failure. *Id.* at ¶ 31, 34.

{¶ 12} These cases do not deal with the mandatory, consecutive nature of a sentence under R.C. 2929.141(A), but two cases from the Second District with similar facts do. In *State v. Branham*, 2d Dist. Clark No. 2013 CA 49, 2014-Ohio-5067, a plea agreement form that explained the maximum penalty a defendant faced included the advisement that "'I understand that if I am now * * * under post-release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively.'" *Id.* at ¶ 18. Branham raised the issue in the context of an invalid consecutive sentence. In *State v. Landgraf*, 2d Dist. Clark No. 2014 CA 12, 2014-Ohio-5448, a similar form with the same language was used to explain the potential penalty that could be imposed under R.C. 2929.141.

{¶ 13} In both cases, the Second District vacated the guilty pleas because the plea agreement form and the trial court failed to inform the defendants of the mandatory nature of consecutive sentences that could be imposed for a violation of

postrelease control. The Second District found that an advisement that a sentence for a violation of postrelease control *could* result in consecutive sentences was insufficient. *Branham* at ¶ 13-14; *Landgraf* at ¶ 24.[1]

{¶ 14} These cases are similar in that the forms used in *Branham* and *Landgraf*, and the advisement given to Nix used discretionary language to describe the nature of the consecutive sentence that must be imposed after a trial court decides to impose a prison sentence under R.C. 2929.141(A)(1). Therefore, *Branham* and *Landgraf* are persuasive to the outcome of this case.

{¶ 15} Nix does not rely upon these cases, but instead cites to the recent decision in *Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766.

{¶ 16} *Bishop* resolved an interdistrict split: whether an advisement about the court's ability to impose sentence under R.C. 2929.141(A)(1) was necessary when a defendant on postrelease control pleads guilty or no contest to new felony charges. A plurality of justices, joined by one justice concurring in judgment only, found that an advisement is necessary. Three justices held that Crim.R. 11(C)(2)(a) "requires a trial court to advise a criminal defendant on postrelease control for a prior felony, during his plea hearing in a new felony case, of the trial court's authority under R.C. 2929.141 to terminate the defendant's existing postrelease control and to impose a consecutive prison sentence for the postrelease-control violation." *Id.* at ¶ 21. The lead opinion also found that because the possibility of a consecutive prison sentence

---

[1] In *Landgraf*, two judges concurred in judgment only based on stare decisis.

under R.C. 2929.141(A)(1) was not mentioned, the defendant did not need to show prejudice. *Id.* at ¶ 18, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977).

{¶ 17} The state argues that the trial court substantially complied with Crim.R. 11 and cites to pre-*Bishop* cases holding that a trial court does not have to advise a criminal defendant of the consequences of violating postrelease control when pleading guilty to a new felony. *State v. Turner*, 8th Dist. Cuyahoga No. 101578, 2015-Ohio-1148, ¶ 7 (collecting cases). *Bishop* overruled these cases. Such an advisement is required. After a review of the record and based on the totality of the circumstances, we find that the trial court did not substantially comply with Crim.R. 11(C)(2). Therefore, we must go on to determine whether the trial court partially complied or completely failed to comply.

{¶ 18} In line with *Branham*, *Landgraf*, *Tutt,* and *Norman*, the failure of the trial court to explicitly advise Nix of the mandatory nature of the consecutive sentence that could be imposed under R.C. 2929.141(A)(1) is misleading enough to constitute a failure to comply with the trial court's obligation to explain the maximum penalty. This is especially true given the low-level felony offenses with which Nix was charged. The consequences that a potentially lengthy consecutive sentence would have on the maximum penalty Nix faced is substantial and nothing in the record from the change-of-plea hearing indicates Nix subjectively understood that. The trial court failed to advise Nix of the mandatory nature of the consecutive

sentence that could be imposed under R.C. 2929.141(A)(1). As a result, we find that Nix did not enter his plea knowingly, intelligently and voluntarily.

{¶ 19} Nix's assignment of error is sustained; his conviction is reversed, his guilty plea is vacated and the case is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
LARRY A. JONES, SR., J., CONCUR