[Cite as *State v. Kauffman*, 2021-Ohio-3847.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2021-CA-5 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2020-CR-141 |
| v. | : | |
| | : | (Criminal Appeal from |
| COREY KAUFFMAN | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of October, 2021.

. . . . . . . . . . .

R. KELLY ORMSBY, III, Atty. Reg. No. 0020615, Prosecuting Attorney, Darke County
Prosecutor's Office, 504 South Broadway Street, 3rd Floor, Greenville, Ohio 45331
　　　Attorney for Plaintiff-Appellant

MISTY M. CONNORS, Atty. Reg. No. 0075457, P.O. Box 340246, Dayton, Ohio 45434
　　　Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} The State of Ohio appeals a judgment of the Darke County Court of Common Pleas, which dismissed an indictment against Corey Kauffman based on the trial court's finding that insufficient reasons existed for his prosecution. We conclude that the likelihood of an additional prison term provided enough reason for prosecution to preclude dismissal. We therefore reverse.

## I. Factual and Procedural Background

{¶ 2} On August 28, 2020, Kauffman was indicted in Darke C.P. No. 2020-CR-141 on one count of improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B), a fourth-degree felony, and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3), a third-degree felony. Both charges were based on the same firearm and on Kauffman's prior conviction for drug trafficking. Kauffman was released on bond.

{¶ 3} While out on bond, Kauffman got into more trouble. On January 28, 2021, he was indicted in Darke C.P. No. 2020-CR-229 on one count of failure to comply with an order or signal of a police officer (causing a substantial risk of serious physical harm to persons or property), in violation of R.C. 2921.331(B), a third-degree felony, and one count of aggravated possession of drugs (methamphetamine), in violation of R.C. 2925.11(A),(C)(1)(a), a fifth-degree felony.

{¶ 4} The cases were set for trial on March 23 and 24, 2021. On March 23, 2021, Kauffman pleaded guilty to the failure-to-comply charge in the second case (Case No. 2020-CR-229), and the aggravated possession charge in that case was dismissed. The trial court sentenced him to 12 months in prison.

{¶ 5} On March 30, 2021, the trial court dismissed the indictment in Case No. 2020-CR-141 over the State's objection, finding that insufficient reasons existed for prosecution.

{¶ 6} The State appeals the dismissal.

## II. Analysis

{¶ 7} The sole assignment of error alleges:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED

THIS CASE SUA SPONTE PURSUANT TO CRIMINAL RULE 48(B) OVER

THE OBJECTION OF THE STATE.

{¶ 8} Crim.R. 48(B), which provides the procedure for the dismissal of a criminal case by a court over the objections of the State, provides that "if the court over the objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."

{¶ 9} We review a trial court's dismissal of an indictment for an abuse of discretion. *State v. Busch,* 76 Ohio St.3d 613, 616, 669 N.E.2d 1125 (1996).

{¶ 10} The trial court gave six reasons for its decision to dismiss Case No. 2020-CR-141. One, the court found that Kauffman was serving a 12-month prison sentence for a third-degree felony in Case No. 2020-CR-229 and that bringing him back for another trial would result in delays and incur additional expenses. Two, the court noted that the most serious charge in Case No. 2020-CR-141 was also a third-degree felony and said that it appeared to be unlikely that a conviction in that case would result in additional prison time. Three, the court noted that Case No. 2020-CR-141 had been set for trial for March 23, 2021, and that Kauffman had requested a continuance, to which the State did

not object. According to the court, before granting the continuance, all agreed to schedule the second trial on March 23, 2021, so that both cases could be kept moving, regardless of which one was ready first. Four, the court cited the heavy case load of the public defenders and noted that increasing that load with this case seemed unwarranted. Five, the court said that the gun involved in Case No. 2020-CR-141 would be forfeited based on Kauffman's criminal history alone. And six, the court concluded that the effects of delays on many other pending cases due to the COVID-19 pandemic further reduced the need to prosecute the first case. From the record, it is apparent that the focus of the trial court's decision to dismiss the case was that Kauffman would not receive any additional punishment for a conviction because, as the court said, the State would be unable to support an argument for consecutive sentencing, and there was little point in prosecuting given the other pressing concerns.

{¶ 11} If Kauffman were to be convicted and sentenced to prison in Case No. 2020-CR-141, that sentence would necessarily be served consecutively to his prison sentence in Case No. 2020-CR-229. R.C. 2921.331(D) states that, if a failure-to-comply offense is a third-degree felony and the offender is sentenced to prison, "the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." We have explained:

> The language of R.C. 2921.331(D) requires a sentence for failure to comply to be served consecutively to *any* other sentence. The statute does not limit itself to sentences imposed at the time of the failure-to-comply conviction. Any potential ambiguity in R.C. 2921.331(D) is clarified by R.C. 2929.14(C)(3), which provides: "If a prison term is imposed for * * * a felony

violation of division (B) of section 2921.331 of the Revised Code, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."

(Emphasis sic.) *State v. Rose*, 2d Dist. Champaign No. 2020-CA-28, 2021-Ohio-2859, ¶ 5. In *Rose*, the defendant had been previously sentenced to prison for third-degree-felony failure to comply in violation of R.C. 2921.331(B). "That being so, he was required to serve his prison term for failure to comply 'consecutively to any other prison term * * * previously *or subsequently* imposed[.]' " (Emphasis sic.) *Id.* at ¶ 6, quoting R.C. 2929.14(C)(3). Therefore, we concluded, the subsequent prison term for aggravated drug possession imposed in *Rose* was "required to be served consecutively." *Id. See also State v. White*, 2d Dist. Montgomery No. 28338, 2020-Ohio-5544, ¶ 67 ("Because White was convicted of failure to comply with an order or signal of a police officer, a third-degree felony, in [a prior case], the trial court also properly imposed consecutive sentences as required by statute.").

{¶ 12} The trial court's reasoning that a conviction would not support consecutive sentencing was wrong. Consecutive sentencing findings are not required when consecutive sentencing is mandatory. *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 16. Furthermore Kauffman was under a disability because of a prior conviction for drug trafficking. Despite not being allowed to have a gun, he was found with one, transporting it loaded inside the passenger compartment of his vehicle. These are not minor offenses, and the State should have been allowed to proceed with the prosecution. In addition, there is a mandatory driver's license suspension.

**{¶ 13}** In sum, if Kauffman were convicted and sentenced to prison in the first case, he would be required to serve that sentence consecutively to his prison sentence in the second case and be subject to a license suspension. Consequently, the outcome of prosecuting Case No. 2020-CR-141 would change things. We believe that this situation precluded dismissal, fatally undermining the trial court's conclusion that insufficient reasons existed for prosecution of Case No. 2020-CR-141. In our opinion, the trial court abused its discretion by dismissing the indictment.

**{¶ 14}** The sole assignment of error is sustained.

### III. Conclusion

**{¶ 15}** The trial court's judgment is reversed. This case is remanded to the trial court for further proceedings.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

R. Kelly Ormsby, III
Misty M. Connors
Hon. Jonathan P. Hein