[Cite as *State v. Cline*, 2024-Ohio-1337.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

RAY CLINE, JR.,

    DEFENDANT-APPELLANT.

CASE NO. 6-23-14

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

RAY CLINE, JR.,

    DEFENDANT-APPELLANT.

CASE NO. 6-23-16

O P I N I O N

**Appeals from Hardin County Common Pleas Court**
**Trial Court No. 20232094 CRI**

**Judgments Affirmed**

**Date of Decision:  April 9, 2024**

**APPEARANCES:**

    *Christopher Bazeley* **for Appellant**

    *Morgan S. Fish* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Ray Cline ("Cline"), brings these appeals from the September 28, 2023, and the October 12, 2023, judgments of the Hardin County Common Pleas Court. On appeal, Cline argues that the trial court failed to advise him of the possibility of consecutive sentences for a potential post-release control violation before he pled guilty, that the trial court failed to advise him of his rights pursuant to Crim.R. 5 at arraignment, and that the trial court did not make the requisite findings to impose consecutive sentences when Cline was sent to prison. For the reasons that follow, we affirm the judgments of the trial court.

*Background*

{¶2} On May 13, 2023, Cline was driving a stolen vehicle. When law enforcement officers attempted to initiate a traffic stop, Cline drove off, initiating a pursuit that reached high rates of speed. During the pursuit, Cline crashed into multiple vehicles. In addition, Cline had a female passenger he refused to let out of the car. Finally, after Cline was apprehended, he spit on one officer twice, and he attempted to spit on other officers.

{¶3} Pursuant to a negotiated plea agreement, Cline pled guilty to Receiving Stolen Property in violation of R.C. 2913.51(A), a fourth degree felony, Unlawful Restraint in violation of R.C. 2905.03(A), a third degree misdemeanor, Failure to Comply with an Order or Signal of a Police Officer in violation of R.C.

-2-

2921.331(B), a third degree felony, and Harassment with a Bodily Substance in violation of R.C. 2921.38(B), a fifth degree felony. The parties jointly recommended a sentence of community control, and that sentence was imposed by the trial court on September 28, 2023.

{¶4} As part of the terms of his community control, Cline was ordered to successfully complete treatment at a community-based correctional facility. However, just days into his treatment, Cline absconded from the facility. The State then filed a motion to revoke Cline's community control.

{¶5} A hearing was held on October 12, 2023, wherein Cline admitted that he left the treatment center in violation of the terms of his community control. As a result of Cline's admission, and his extensive criminal history, the trial court revoked Cline's community control and ordered him to serve a 12-month prison term on the Receiving Stolen Property charge, a 30-month prison term on the Failure to Comply with an Order or Signal of a Police Officer charge, and a 6-month prison term on the Harassment with a Bodily Substance charge. All prison terms were ordered to be served consecutively.

{¶6} Cline filed appeals from his original sentencing entry placing him on community control, and from the final judgment entry revoking his community control. Those appeals have been consolidated, and Cline now asserts the following assignments of error for our review.

**First Assignment of Error**

**The trial court failed to properly advise Cline of the possibility of consecutive sentences for a violation of Post Release Control (PRC) before he pled guilty.**

**Second Assignment of Error**

**The trial court failed to advise Cline of his rights during his arraignment in violation of Crim.R. 5.**

**Third Assignment of Error**

**The trial court erred when it imposed consecutive sentences without considering all of the R.C. 2929.14 factors.**

*First Assignment of Error*

{¶7} In his first assignment of error, Cline argues that the trial court failed to properly advise him of the possibility of consecutive sentences for a violation of post-release control before he pled guilty. Cline contends that this should result in his plea being vacated.

{¶8} Cline's argument is inaccurate. At the plea hearing, the trial court specifically told Cline that he could be subject to post-release control when he was released from prison, if he was sentenced to prison, and that "they can tack on an additional nine months per violation up to one half of your time or if it's a new felony it's one year per violation up to a maximum of the time you have remaining on post-release control." (Aug. 2, 2023, Tr. at 17). While the term "tack on" might be colloquial and unartful, Cline indicated that he understood. Further, this material was covered in Cline's written plea agreement.

-4-

{¶9} Moreover, Cline's argument that a lack of notification regarding post-release control consequences should invalidate his pleas has been repeatedly rejected by Ohio Appellate Courts. "Appellate courts have consistently held that Crim.R. 11(C)(2)(a), notice of the maximum penalty involved, does not require a trial court to inform a defendant entering a guilty plea of the R.C. 2929.141 consequences for violating post-release control." *State v. Betts*, 4th Dist. Vinton No. 17CA706, 2017-Ohio-8595, ¶ 24; *State v. Carr*, 12th Dist. Bulter No. 2021-Ohio-1983, ¶ 27; *State v. Stewart*, 8th Dist. Cuyahoga No. 110219, 2021-Ohio-3600, ¶ 23.

{¶10} While Cline argues that *State v. Nix*, 8th Dist. Cuyahoga No. 106894, 2019-Ohio-3886, contradicts the cases we cited herein, *Nix* involved a situation where the defendant was *on post-release control at the time he was entering his new pleas*, which is not the case here. Thus *Nix* is readily distinguishable, as emphasized by the later-decided *Stewart*, which held that where a defendant was not on post-release control at the time of sentencing the trial court was not obligated to advise a defendant of potential implications of hypothetically committing a future felony. For all of these reasons, Cline's first assignment of error is overruled.

*Second Assignment of Error*

{¶11} In his second assignment of error, Cline argues that the trial court failed to advise him of his rights pursuant to Crim.R. 5 at arraignment. However, by pleading guilty, Cline waived any issues other than whether his plea was knowing,

intelligent, or voluntary, including anything related to Crim.R. 5. *State v. McKenzie*, 3d Dist. Crawford No. 3-22-33, 2023-Ohio-1178, ¶ 13.

**{¶12}** Notwithstanding any waiver here, Cline's attorney *explicitly waived reading of the Criminal Rule 5 rights*. (May 24, 2023, Tr. at 13). Thus while there is no error, even if there was, it would be invited. For these reasons, Cline's second assignment of error is overruled.

*Third Assignment of Error*

**{¶13}** In Cline's third assignment of error, he argues that the trial court erred by imposing consecutive sentences without considering all of the requisite factors pursuant to R.C. 2929.14.

Standard of Review

**{¶14}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; R.C. 2953.08(G)(2)(a)-(b). The Ohio Supreme Court has defined "clear and convincing evidence" as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

Controlling Authority

{¶15} Revised Code 2929.14(C)(4) sets forth several findings that a trial court must make prior to imposing consecutive sentences.

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Thus, the trial court must find (1) that consecutive sentences are necessary to protect the public or punish the offender ("the necessity finding"); (2) that consecutive sentences are not disproportionate to the seriousness of the

offense ("the proportionality finding"); and (3) that one of the three factors listed in R.C. 2929.14(C)(4)(a-c) is applicable. *State v. Rodriquez*, 3d Dist. Hancock Nos. 5-19-40, 5-19-41, 2020-Ohio-2987, ¶ 6. Moreover, "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus.

**{¶16}** Finally, "[t]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Bonnell* at ¶ 28. However, "no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences." *Id.* at ¶ 27.

Analysis

**{¶17}** At the outset, we note that Cline's 30-month prison term for Failure to Comply with an Order or Signal of a Police Officer was required by law to be served consecutively to any other prison term. R.C. 2929.14(C)(3); R.C. 2921.331(D). Thus there can be no error regarding this specific count being ordered consecutive to any other count because it was mandated by statute. *State v. June*, 10th Dist. Franklin No. 12AP-901, 2013-Ohio-2775, ¶ 7.

**{¶18}** The only question that remains for us to consider is whether the remaining two prison terms were properly ordered consecutive to each other. With

regard to these consecutive sentences, Cline argues that although the trial court made the appropriate findings pursuant to R.C. 2929.14(C)(4) in its final judgment entry to impose consecutive sentences, the trial court failed to make all the required findings at the sentencing hearing.

{¶19} After reviewing the record, we agree with Cline that the trial court clearly made the requisite consecutive sentencing findings in its final judgment entry.[1] However, the trial court's consecutive sentence findings are not as clearly and succinctly stated at the sentencing hearing. Nevertheless, when taken as a whole, it appears the trial court made the appropriate findings.

{¶20} At the sentencing hearing, when pronouncing Cline's sentence, the trial court stated as follows:

> * * * And I have also taken into consideration what's necessary to protect the public from future crime by the defendant or to punish him and what's necessary to rehabilitate him and considered the need for incapacitating, deterring him.
>
> I've looked at the principles of the Ohio sentencing scheme and have considered the seriousness and recidivism factors in this case.

---

[1] The trial court's final judgment entry stated as follows:

> The Court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The Court further finds that[] at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Doc. No. 59).

Unfortunately, I have also considered in the rehabilitation aspect of it the past attempts at treatment and the current attempt at treatment. I did put Mr. Cline in the W.O.R.T.H. Center and he was there a very short period of time and escaped. * * *

The record also shows that you in 2002 had a breaking and entering, a robbery, and criminal tools. Those were all one case so it's not like it was a bunch of separate convictions. At that time he did 10 months on the B&E, 36 months on the robbery, 10 months on the criminal tools charge. In 1993 – and this is getting to be pretty old information at this point – he had a burglary F2. It looks like he did 10 years on that. And a B&E as an F5, 1992 out of Shelby County. A theft as an F3. He did 18 months.

* * *

Roughly 25 different misdemeanors between 1990 and 2015. * * * The point is, there's a long criminal history here. * * * I considered all the relevant sentencing factors in determining the length of the sentences in this case. I would note for the record that none of these are what I would consider to be offenses of violence, though I am mindful of the – the charges that involve police officers. * * *

I'm going to find that consecutive sentences are necessary to punish Mr. Cline and to protect the public from future crime and that they would not be disproportionate to the serious conduct involved.

(Oct. 12, 2023, Tr. at 23-25).

**{¶21}** The statements made by the trial court at sentencing could have been clearer by using the talismanic words of R.C. 2929.14(C)(4); however, "a talismanic incantation of the words of the statute" is not necessary so long as the findings can be found "in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37. Notably, even Cline concedes that the trial court made the first two findings at the sentencing hearing to impose consecutive sentences (the necessity finding and

the proportionality finding). He just argues that the trial court did not explicitly find that one of the three factors listed in R.C. 2929.14(C)(4)(a-c) is applicable.

{¶22} Reading the trial court's findings as a whole, we disagree. The trial court detailed Cline's extensive criminal history. The trial court also mentioned that it was mindful of the *charges that involve police officers*. "Charges" covers both Failure to Stop and Harassment, indicating multiple offenses. Thus the trial court made findings implicating R.C. 2929.14(C)(4)(b) and (c). These findings were then explicitly included in the trial court's judgment entry.

{¶23} In sum, after reviewing the record, we do not find that Cline's consecutive sentences were clearly and convincingly contrary to law. Therefore, his third assignment of error is overruled.

*Conclusion*

{¶24} Having found no error prejudicial to Cline in the particulars assigned and argued, his assignments of error are overruled and the judgments of the Hardin County Common Pleas Court are affirmed.

***Judgments Affirmed***

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/hls**