[Cite as *State v. Crespo*, 2024-Ohio-5192.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ZACHARY ROLAND CRESPO,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0049**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2023 CR 00353

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Brian A. Smith*, Brian A. Smith Law Firm, LLC, for Defendant-Appellant

Dated: October 25, 2024

---

**WAITE, J.**

{¶1} Appellant Zachary Roland Crespo appeals an April 23, 2024 judgment entry of the Mahoning County Court of Common Pleas convicting him of felonious assault and aggravated robbery along with two firearm specifications. Appellant challenges only the court's imposition of consecutive sentences. Appellant argues that the relevant statute, R.C. 2929.14(C)(3), only mandates a consecutive sentence where a prior or subsequent sentence is imposed, when not imposed simultaneously. For the following reasons, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2} From the facts adduced at the sentencing hearing, it appears the incident at the heart of this case occurred on May 12, 2023. On that date, officers were called to a residence due to a domestic dispute. Officer Vincent Arquilla was the first to respond, but without backup. While department policy provides that an officer must wait for backup when answering such calls, Officer Arquilla believed the situation had escalated to a point where police intervention could not wait. (Sentencing Hrg., p. 5.) The state played the 911 tape at the hearing to show the exigency of the situation.

{¶3} When Officer Arquilla knocked on the backdoor, Appellant opened it and threw a "large plastic bottle" at his head, causing him to lose balance and fall. (Sentencing Hrg., p. 7.) Appellant then jumped on top of him, punching him in the face until he blacked out. Photographs of Officer Arquilla taken at the hospital, covered in blood, were admitted into evidence during the hearing. Once Officer Arquilla lost consciousness, Appellant took the officer's service weapon and fled. According to the state, several hours, 150

<u>Case No. 24 MA 0049</u>

officers, four tactical units, two drone teams, and one airship were required to apprehend Appellant.

{¶4} As a result, Appellant was indicted on May 18, 2023 on the following offenses: count one, felonious assault, a felony of the first degree in violation of R.C. 2903.11(A)(1), (D)(1)(a) with an attenuated firearm specification in violation of R.C. 2941.145(A); count two, aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(B)(1), (C) with an attenuated firearm specification in violation of R.C. 2941.145(A); count three, aggravated burglary, a felony of the first degree in violation of R.C. 2911.11(A)(1), (B) with an attenuated firearm specification in violation of R.C. 2941.145(A); count four, violating a protecting order, a felony of the third degree in violation of R.C. 2919.27 (A)(1), (B)(4) with an attenuated firearm specification in violation of R.C. 2941.145(A); count five, attempted disrupting public services, a felony of the fifth degree in violation of R.C. 2923.02, R.C. 2909.04(A)(C); count six, obstructing official business, a felony of the fifth degree in violation of R.C. 2921.31(A), (B); count seven, aggravated menacing, a misdemeanor of the first degree in violation of R.C. 2903.21(A)(B); count eight, endangering children, a misdemeanor of the first degree in violation of R.C. 2919.22(A), (E)(2)(a); and domestic violence, a misdemeanor of the fourth degree in violation of R.C. 2919.25(C), (D)(2).

{¶5} On January 23, 2024, Appellant agreed to plead guilty to counts one (felonious assault) and two (aggravated robbery), along with both firearm specifications, in exchange for the dismissal of all of the other charges.

{¶6} On April 23, 2024, the trial court sentenced Appellant to indefinite terms of incarceration of six to nine years on count one and five years on count two. In addition,

the court determined that the two firearm specifications were subject to merger. The court ordered all sentences to run consecutively. This timely appeal followed.

ASSIGNMENT OF ERROR NO. 1

The trial court's sentence of Appellant was contrary to law for imposing consecutive sentences on Appellant pursuant to R.C. 2929.14(C)(3), despite Appellant's prison term on Count One of the Indictment not being "previously or subsequently imposed upon the offender" in relation to Appellant's sentence on Count Two of the Indictment.

ASSIGNMENT OF ERROR NO. 2

The trial court's sentence of Appellant was contrary to law for imposing consecutive sentences on Appellant, because the trial court failed to make the findings required to impose consecutive sentences under R.C. 2929.41(C)(4), either at Appellant's sentencing hearing or in the trial court's sentencing entry.

{¶7} Appellant contends that the relevant statute, R.C. 2929.14(C)(3), only necessitates imposition of consecutive sentences where the applicable prison term was imposed "previously or subsequently." Here, Appellant urges that the two offenses giving rise to the consecutive sentences stemmed from the same indictment and the sentences were imposed at the same time; not prior to, or subsequent to, the other. Appellant contends that the language of the statute, which included convictions "prior to and

subsequently," was specifically drafted by the legislature leaving out language which would include prison terms simultaneously imposed.

**{¶8}** Because Appellant believes that consecutive sentences were not mandatory in this case, he argues that the court was required to make the requisite R.C. 2929.14(C)(4) findings before imposing consecutive sentences.

**{¶9}** Pursuant to R.C. 2929.14(C)(4), before a trial court can impose consecutive sentences on a defendant, the court must find:

> [T]hat the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams,* 2015-Ohio-4100, ¶ 33-34 (7th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. The court is not required to state reasons in support nor is it required to use any "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. *Williams* at ¶ 4, citing *State v. Jones*, 2014-Ohio-2248, ¶ 6 (7th Dist.); *State v. Verity*, 2013-Ohio-1158, ¶ 28-29 (7th Dist.).

**{¶11}** Pursuant to R.C. 2929.14(C)(3):

If a prison term is imposed for a violation of division (B) of section 2911.01 of the Revised Code, a violation of division (A) of section 2913.02 of the Revised Code in which the stolen property is a firearm or dangerous ordnance, or a felony violation of division (B) of section 2921.331 of the Revised Code, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

**{¶12}** As addressed by Appellee, the Second District has faced this issue in *State v. Ervin*, 2015-Ohio-3688 (2d Dist.). In *Ervin,* the appellant's indictment included five different varieties of theft-related offenses. He eventually pleaded guilty to two of those charges. The court imposed consecutive sentences, which the appellant appealed on

the same basis as in the instant appeal.  The Second District held that the language of R.C. 2929.14(C)(3) incorporates prison terms that are simultaneously imposed.  The court compared the statute to R.C. 2913.02(A)(1)(B)(4) (firearm enhancements) which includes similar "previously or subsequently imposed" language.  Other districts have agreed with this interpretation.  *See State v. Spicer*, 2010-Ohio-61 (8th Dist.); *State v. June*, 2013-Ohio-2775 (10th Dist.); *State v. Back*, 2015-Ohio-4447 (12th Dist.).

**{¶13}**  The firearm enhancement for theft offenses, R.C. 2913.02(B)(4), provides in relevant part:  "[t]he offender shall serve a prison term imposed for grand theft when the property stolen is a firearm or dangerous ordnance consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."

**{¶14}**  While Appellant relies on the exclusion of language specifically addressing simultaneous offenses, there appears to be no logical reason for mandating consecutive sentences in conjunction with prior and subsequent offenses, but not for simultaneous offenses.  We note that no attempt has been made by the legislature to expressly change the language of the firearm enhancement statutes after cases interpreting the statute to include simultaneous sentencing were released.

**{¶15}**  R.C. 2929.14(C)(3) provides the same language as found in the earlier cited cases.  We agree with the rationale provided by the Second, Eighth, Tenth, and Twelfth Districts, and find that the analogous language in the instant statute provides for mandatory consecutive sentences pursuant to R.C. 2929.14(C)(3).

**{¶16}** As such, the trial court properly imposed consecutive sentences, and Appellant's first assignment of error is without merit and is overruled.

{¶17} As to Appellant's second assignment of error, "[c]onsecutive sentencing findings are not required when consecutive sentencing is mandatory." *State v. Kauffman*, 2021-Ohio-3847 (2d Dist.). See also *State v. Cline*, 2024-Ohio-1337 (3d Dist.); *State v. Harper*, 2017-Ohio-8963, ¶ 17 (1st Dist.). Because imposition of consecutive sentences in this matter was mandatory, there was no need for the trial court to make consecutive sentence findings. Appellant's second assignment of error is without merit and is overruled.

## Conclusion

{¶18} Appellant challenges only the court's imposition of consecutive sentences. Appellant argues that the relevant statute R.C. 2929.14(C)(3) only mandates a consecutive sentence where a prior or subsequent sentence is imposed, not a simultaneous sentence. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Hanni, J. concurs.

[Cite as *State v. Crespo*, 2024-Ohio-5192.]

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**