[Cite as *State v. Rose*, 2021-Ohio-2859.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-28 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-55 |
| | : | |
| DENVIL E. ROSE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of August, 2021.

. . . . . . . . . . .

JANE A. NAPIER Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

TRAVIS T. DUNNINGTON, Atty. Reg. No. 0096519, 117 North Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Denvil E. Rose appeals from his conviction following a negotiated guilty plea to one count of aggravated drug possession, a second-degree felony.

{¶ 2} In his sole assignment of error, Rose challenges the trial court's determination that his sentence was required to be served consecutively to a prior sentence he was serving.

{¶ 3} In exchange for Rose's guilty plea, the State dismissed several other charges but made no agreement regarding sentencing. The trial court subsequently sentenced Rose to six to nine years in prison. It also found that the sentence was required to be served consecutively to a prior sentence Rose was serving for failure to comply with an order or signal of a police officer. Rose's only argument on appeal is that the trial court erred in finding a consecutive sentence mandatory.

{¶ 4} Upon review, we see no error in the trial court's imposition of a mandatory consecutive sentence. Under R.C. 2921.331(D), if an offender is sentenced to prison for third- or fourth-degree felony failure to comply in violation of R.C. 2921.331(B), "the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." Rose argues that this mandate applies only when a trial court is sentencing an offender for failure to comply. He maintains that it does not apply to a sentence subsequently imposed in a separate case for a different offense. Therefore, he asserts that the trial court erred in finding itself obligated to make his sentence for aggravated drug possession consecutive to his earlier sentence for failure to comply.

{¶ 5} Rose's argument lacks merit. The language of R.C. 2921.331(D) requires a

sentence for failure to comply to be served consecutively to *any* other sentence. The statute does not limit itself to sentences imposed at the time of the failure-to-comply conviction. Any potential ambiguity in R.C. 2921.331(D) is clarified by R.C. 2929.14(C)(3), which provides: "If a prison term is imposed for * * * a felony violation of division (B) of section 2921.331 of the Revised Code, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."

{¶ 6} Here, Rose admits that he previously was sentenced to prison for third-degree-felony failure to comply in violation of R.C. 2921.331(B). (Appellant's brief at 5.) That being so, he was required to serve his prison term for failure to comply "consecutively to any other prison term * * * previously *or subsequently* imposed[.]" (Emphasis added) R.C. 2929.14(C)(3). The sentence in the present case was a prison term imposed subsequent to the prison term for failure to comply. Therefore, the two prison terms were required to be served consecutively. This court has reached the same conclusion when addressing the same issue at least twice before. *See State v. White,* 2d Dist. Montgomery No. 28338, 2020-Ohio-5544, ¶ 67 ("Because White was convicted of failure to comply with an order or signal of a police officer, a third-degree felony, in [a prior case], the trial court also properly imposed consecutive sentences as required by statute. *See* R.C. 2929.14(C)(3); R.C. 2921.331(D)."); *State v. McComb,* 2d Dist. Champaign No. 2015-CA-17, 2016-Ohio-606, ¶ 5, 13-14 (recognizing that a prison sentence for heroin possession was required to be served consecutively to a prior felony sentence for failure to comply).

{¶ 7} Arguing against mandatory consecutive sentences, Rose relies on *State v. Irwin-Debraux*, 2d Dist. Montgomery No. 28309, 2019-Ohio-5013. In that case, the trial

court imposed consecutive sentences for involuntary manslaughter, grand theft of a motor vehicle, and failure to comply. Consistent with the present case, we held that R.C. 2921.331(D) obligated the trial court to order the sentences for involuntary manslaughter and grand theft of a motor vehicle to be served consecutively to the sentence for failure to comply. *Id.* at ¶ 11. We then held, however, that R.C. 2921.331(D) did not compel the trial court to impose consecutive sentences for involuntary manslaughter and grand theft of a motor vehicle. Although those sentences were required to be served consecutively to the sentence for failure to comply, R.C. 2929.331(D) did not require them to be served consecutively to one another. Absent consecutive-sentence findings under R.C. 2929.14(C)(4), we held that the trial court was required to order the sentences for involuntary manslaughter and grand theft of a motor vehicle to be served concurrently to one another but consecutively to the failure-to-comply sentence. *Id.* at ¶ 12. Nothing in *Irwin-Debraux* is inconsistent with our analysis or conclusion in Rose's case.

{¶ 8} Finally, we note that the trial court was not required to make consecutive-sentence findings under R.C. 2929.14(C)(4) because a consecutive sentence in this case was mandated by statute. *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 16 (recognizing that consecutive-sentence findings are not required when a consecutive sentence is mandated by law).

{¶ 9} Rose's assignment of error is overruled, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Jane A. Napier
Travis T. Dunnington
Hon. Nick A. Selvaggio