[Cite as *State v. Bradley*, 2024-Ohio-2698.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 24-CAA-01-0004 |
| DAMARIO D. BRADLEY | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING: Appeal from the Delaware County Court of
Common Pleas, Case No. 23 CRI 07 0379

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: July 16, 2024

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
Delaware County Prosecutor
BY: KATHERYN L. MUNGER
Assistant Prosecutor
145 North Union Street, 3rd Floor
Delaware, OH 43015

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road
Suite 200
Westerville, OH 43082

*Gwin, P.J.*

{¶1} Appellant Damario Bradley appeals his conviction and sentence from the Delaware County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On July 20, 2023, the Delaware County Grand Jury indicted appellant on the following counts: one count of failure to comply with an order or signal of a police officer, a felony of the third degree, in violation of R.C. 2921.331(B), four counts of failure to stop after an accident, misdemeanors of the first degree, in violation of R.C. 4549.02(A)(1)(b) and (B)(1), and one count of receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A) and (C). Appellant was arraigned on July 26, 2023, and entered a plea of not guilty to the charges.

{¶3} The charges stemmed from an incident on July 13, 2023, when appellant operated a stolen 2018 Kia Sorrento to willfully elude law enforcement after an officer attempted to make a traffic stop. When the officer activated his overhead lights, appellant went around the patrol car and fled at a high rate of speed in the stolen vehicle, striking multiple occupied vehicles. Appellant then fled on foot. Officers were able to take appellant into custody after appellant fell while running from the officers.

{¶4} The court held a pre-trial on September 11, 2023 and set the matter for trial on October 3, 2023. Upon motion of the defendant, the trial court continued the trial to November 14, 2023. Due to ongoing plea negotiations and upon the request of appellant, the trial court continued the trial to January 24, 2024.

{¶5} Appellant, his trial counsel, and counsel for the State of Ohio each signed a "withdrawal of former pleas of not guilty to indictment and written pleas of guilty" on

December 18, 2023. The plea form specifically states the maximum prison term and potential fine for each charge.

{¶6} The form specifically lists the rights appellant waived upon his plea of guilty, including: the right to a jury or court trial, the right to confront witnesses, the right to use the power of the court to call witnesses, and the right to have the State of Ohio prove him guilty beyond a reasonable doubt. Appellant acknowledged he waived all of these rights. In the plea form, appellant also acknowledged he understood the nature of the charges and his possible defenses, he was satisfied with his attorney's advice and competence, he was not under the influence of drugs or alcohol, and no threats were made to him.

{¶7} Also, on December 18, 2023, appellant, counsel for appellant, and counsel for the State of Ohio executed a separate "Written Text of Criminal Rule 11(F) Agreement." The agreement provides as follows: appellant agrees to plead guilty to the indictment, pay restitution to L.H. in the amount of $500, and waive his right to appeal. The parties further agreed, "to jointly recommend to the Court a twelve-month prison term on count one to be served consecutive to a six-month prison term on count 6." Appellant acknowledged via his signature that he reviewed the plea agreement, understood what it said, and agreed to it.

{¶8} The trial court held a plea hearing on December 18, 2023.

{¶9} The trial court specifically informed appellant that since he was on post-release control in Franklin County, appellant could be punished for the new felony and he could receive additional prison time in Franklin County. Appellant stated he understood. The trial court then informed appellant of his constitutional rights.

{¶10} Appellant confirmed his plea was voluntary, no one threatened or forced him to enter the plea, and no one promised him anything in exchange for his plea of guilty. Appellant stated he understood the plea agreement, he understood the trial court did not have to follow the plea recommendation, his lawyer answered all his questions, he reviewed the paperwork, he signed the plea form, he understood the elements of the charges, and that he wished to plead guilty.

{¶11} The trial court informed appellant of his constitutional rights. Appellant stated he was voluntarily waiving each constitutional right. The trial court informed appellant of the potential maximum penalties for each charge. Appellant stated he understood the possible penalties for each charge. The trial court specifically stated:

And of course, we have two felony charges in this case. If I imposed prison terms on both of the felony charges to which you're entering guilty pleas, those prison terms must, the law says, be imposed consecutively, that is, stacked one on top of the other with the two prison term lengths being added together to determine the total length of time you would be spending in prison in this case. Do you understand?

{¶12} Appellant responded, "Yes, sir." The trial court additionally informed appellant he faced a mandatory period of post-release control for one to three years after his release from prison.

{¶13} The trial court detailed the plea agreement, i.e., appellant would enter a plea of guilty to the charges in the indictment and, in exchange, the State would recommend a prison sentence of twelve months on the failure to comply charge, consecutive to a six-month prison term on the receiving charge, with all the misdemeanors running concurrent

to those prison terms. When questioned by the trial court, appellant confirmed that was his understanding of the plea agreement.

{¶14} Appellant told the trial court that, on the day of the incident, he was going from one job site to another, borrowed a car that was stolen, and panicked when officers approached him. Appellant agreed that he intentionally fled after being given a visible or audible sign to stop, his driving caused a substantial risk of serious physical harm to persons or property, and he failed to stop and remain at the scene of a crash.

{¶15} Appellant confirmed he signed the written Criminal Rule 11(F) Agreement and written guilty plea document. The trial court accepted appellant's guilty plea, and found the plea was voluntarily, knowingly, and intelligently made, after appellant was advised of the consequences of his plea, including all applicable rights, defenses, and maximum penalties.

{¶16} The trial court proceeded directly to sentencing. The trial court imposed the jointly-recommended sentence of a total prison sentence of eighteen months and $500 in restitution.

{¶17} The trial court issued a detailed "Judgment Entry on Guilty Plea and Sentencing" entry on December 19, 2023. The court found consecutive sentences were required pursuant to R.C. 2921.331(D). The trial court again imposed the jointly-recommended sentence.

{¶18} Appellate counsel for appellant has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924 (1967), indicating that the within appeal was wholly frivolous and setting forth two proposed assignments of error:

{¶19} "I.   THE TRIAL COURT FAILED TO MAKE THE CONSECUTIVE SENTENCE FINDINGS REQUIRED BY R.C. 2929.14(C)(4).

{¶20} "II. THE TRIAL COURT ERRED BY IMPOSING A MANDATORY TERM OF POST-RELEASE CONTROL OF ONE TO THREE YEARS."

{¶21} This Court issued a judgment entry notifying appellant that his counsel filed an *Anders* brief, and allowing appellant to file a pro se brief within sixty days of the entry. Appellant has not filed a pro se brief.

*Anders Law*

{¶22} In *Anders*, the United States Supreme Court held, if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, he should so advise the court and request permission to withdraw.  *Id.*  Counsel may accompany his or her request with a brief identifying anything in the record that could arguably support the client's appeal.  *Id.*  Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters that the client chooses.  *Id.*

{¶23} Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires.  *Id.*

I.

{¶24} In his first proposed assignment of error, counsel contends the trial court failed to make the consecutive sentence findings required by R.C. 2929.14(C)(4).

{¶25} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if [the appellate court] clearly and convincingly finds * * * the record does not support the sentencing court's findings under [R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I)," or " the sentence is contrary to law."

{¶26} However, "[a]greed sentences, like the ones in this case, are generally not reviewable on appeal * * *." *State v. Hampton*, 2023-Ohio-1868 (5th Dist.). R.C. 2953.08(D)(1) provides: a sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. R.C. 2953.08(D)(1). Although "a sentence that is 'contrary to law' is appealable by a defendant * * * an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *Id.* "If all three conditions are met, the defendant may not appeal the sentence." *Id.*

{¶27} In this case, the trial court imposed the agreed-upon sentence and the sentence did not exceed the maximum sentence. In both the written plea agreement and at the plea hearing, appellant confirmed he waived his right to appeal. As such, we find appellant's consecutive sentences are not reviewable on appeal.

{¶28} Additionally, we note the trial court was not required to make consecutive-sentence findings under R.C. 2929.14(C)(4) because a consecutive sentence in this case

was mandated by statute. *State v. Rose*, 2021-Ohio-2859 (2nd Dist.); *State v. Hanshaw*, 2024-Ohio-253 (8th Dist.); *McKinney v. Haviland,* 2020-Ohio-4785 ("By statute, the sentences for the failure-to-comply charges must be served consecutively to any other prison terms"); *State v. Barnhart*, 2023-Ohio-3488 (4th Dist.); *State v. Dawson*, 2024-Ohio-1806 (6th Dist.).

{¶29} The court was required to impose consecutive sentences without regard to the dictates of R.C. 2929.14(C)(4) in this case. Pursuant to R.C. 2929.14(C)(3) and 2921.331(D), if the court imposes a prison term for failure to comply in violation of R.C. 2921.331(B), as it did in the instant case, "the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." R.C. 2929.14(C)(3). Accordingly, the trial court was required to order appellant to serve his sentence for count one, failure to comply, consecutively with his other sentences. The trial court specifically informed appellant of the mandated sentence at the plea hearing, and subsequently found the consecutive sentences were required in its sentencing entry. Accordingly, the trial court did not commit error in imposing consecutive sentences.

II.

{¶30} In appellant's second proposed assignment of error, he contends the trial court committed error by imposing a mandatory term of post-release control of one to three years because this term of post-release control is only applicable to third-degree felonies that are offenses of violence.

{¶31} While fleeing and eluding under R.C. 2921.331(B) is not included in the specific list of offenses in the statutory definition of "offense of violence" under R.C.

2901.01(A)(9)(a), R.C. 2901.01(A)(9)(c) also defines an "offense of violence" as any offense "committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons." Courts have routinely found this is sufficient to qualify fleeing and eluding as an offense of violence. *State v. Carter*, 2019-Ohio-3443 (11th Dist.); *State v. Hendershot*, 2017-Ohio-8112 (5th Dist.).

{¶32} Appellant was charged with one count of willfully eluding or fleeing a police officer in violation of R.C. 2921.33(B). The indictment contained the additional allegation that appellant "caused a substantial risk of serious physical harm to persons or property." Appellant entered a written plea of guilty, signed by appellant and his counsel, which acknowledged the following, "if I am sentenced to prison for a third-degree felony that is an offense of violence, I will have mandatory post-release control for a period of not less than one year and not more than three years." At the plea hearing, the trial court informed appellant he faced a mandatory period of post-release control for one to three years after his release from prison. Appellant also specifically agreed at the plea hearing that his operation of the vehicle caused a substantial risk of serious physical harm to persons or property. Accordingly, the trial court did not commit error in sentencing appellant to mandatory post-release control.

{¶33} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.

**{¶34}** Thus, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Delaware County Court of Common Pleas.

By Gwin, P.J.,

Hoffman, J., and

King, J., concur